UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELVIN GRIFFIN,

        Petitioner,        Case No. 1:10-cv-912

v.        Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner presently is incarcerated at the Michigan Reformatory. Petitioner pleaded guilty in Wayne County Circuit Court to the following counts: car jacking, MICH. COMP. LAWS § 750.529A; armed robbery, MICH. COMP. LAWS § 750.529; felon in possession of a firearm, MICH. COMP. LAWS §750.224(f); and possession of a firearm during the commission of a felony (felonyfirearm), MICH. COMP. LAWS § 750.227b. On January 17, 2007, the trial court sentenced Petitioner to twelve to twenty-five years for the car-jacking conviction, twelve to twenty-five years for the armed-robbery conviction, one to five years for the felon-in-possession-of-a-firearm conviction and two years for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following issues:

> I. THE DEFENDANT IS ENTITLED TO RESENTENCING BECAUSE THE SENTENCING GUIDELINES RANGE WAS ENHANCED BY THE SCORING OF OFFENSE VARIABLES 3, 4, 13 AND 14 ON THE BASIS OF FACTS NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS AND DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THESE VARIABLES. U.S. CONST. AMEND. VI & XIV; CONST. 1963 ART. 1, §17.
>
>> A. DUE PROCESS REQUIRES RESENTENCING WHERE THE TRIAL COURT USED FACTS THAT THE PROSECUTOR DID NOT PROVE BEYOND A REASONABLE DOUBT TO SCORE THE STATUTORY SENTENCING GUIDELINES AND INCREASE SENTENCE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.
>>
>> B. DEFENDANT SHOULD BE RESENTENCED BECAUSE HE WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING. US CONST AM VI; XIV.

(Pet., Page ID ##2-3, docket #1.) On August 25, 2008, the court of appeals denied leave to appeal for lack of merit in the grounds presented. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same grounds. On August 6, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. Petitioner filed a petition for certiorari in the United States Supreme Court but his petition was rejected as untimely on December 11, 2009. In his habeas application, Petitioner raises the same ground presented to and rejected by the Michigan appellate courts.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

**Discussion**

I.  **Sentencing Error**

In his application for habeas corpus relief, Petitioner contends that the state court violated his Sixth and Fourteenth Amendment rights by increasing his sentence based on facts that were neither found by a jury nor admitted by Petitioner. Petitioner bases his argument on the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence ordinarily is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th

-4-

Cir. Nov. 10, 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, the state court's determination of Petitioner's claim was not contrary to federal law clearly established by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

II. **Ineffective Assistance of Counsel**

Petitioner argues that he was denied the effective assistance of counsel because counsel did not object to (1) the scoring of offense variables 3, 4, 13 and 14 under *Blakely,* 542 U.S. 296, and (2) the inaccurate scoring of offense variables 3, 4, 13 and 14. (Pet., Page ID ##28, 29, docket #1.)

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed

at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

Petitioner first argues that counsel was ineffective for failing to object to the inaccurate scoring of offense variables 3, 4, 13 and 14. Petitioner fails to meet either prong of the *Strickland* standard because he has failed to provide any support for the proposition that offense variables 3, 4, 13 and 14 were inaccurately scored. He therefore fails to demonstrate the existence of a valid basis for an objection. An attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw,* 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007). Moreover, because he cannot demonstrate that an objection would have resulted in a different scoring of the offense variables, he cannot demonstrate that he was prejudiced by his counsel's purported ineffectiveness. *See Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004) (if "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice.)

Petitioner finally claims that trial counsel was ineffective for failing to object to the scoring of offense variables 3, 4, 13 and 14 under *Blakely,* 542 U.S. 296. Because *Blakely* is inapplicable to Michigan's indeterminate sentencing scheme, counsel was not ineffective for failing to object to the scoring of the sentencing guidelines on that basis. *See Smith*, 591 F.3d at 523

(failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel); *O'Hara*, 499 F.3d at 506 (same).

Petitioner therefore is not entitled to habeas corpus relief on his ineffective assistance of counsel claims.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  October 7, 2010                 /s/ Janet T. Neff
                                        Janet T. Neff
                                        United States District Judge